MIDWEST DAIRY PRODUCTS CORPORATION *v.* CRENSHAW, COUNTY COURT CLERK, *et al.*

(*Nashville,* December Term, 1935.)

Opinion filed June 13, 1936.

McDonald & McDonald and C. C. Brown, all of Memphis, for appellant.

W. F. Barry, Jr., Assistant Attorney-General, and Charles M. Bryan, Wm. Gerber, and John L. Exby, all of Memphis, for appellees.

Mr. Justice DeHaven delivered the opinion of the Court.

1. This is a suit brought under the Declaratory Judgments Act (Code 1932, sec. 8835 et seq.) seeking a construction of the privilege tax provisions of chapter 115, Public Acts 1933. Under section 1 of said act, the carrying on or engaging in the business of the sale, storage, manufacture, or distribution of beer, or other beverages of like alcoholic content, as authorized by chapter 69, Public Acts 1933, or by any other acts, is declared to be a privilege, and there is levied on every such privilege for general state purposes certain specified annual taxes; the following provisions only being pertinent to the questions made in this cause:

"I. In Counties or Cities of 100,000 population or over: . . .

"(d) Each brewer on each brewery and/or each agent or distributor or wholesale for any such brewer . .$300.00

"II. In Counties or Cities of less than 100,000 population: . . .

"(d) Each brewer on each brewery and/or each agent or distributor at wholesale for any such brewer . .$150.00

" 'Provided, that any agent or distributor of beer at wholesale for a brewer who pays the brewer's tax as above set out and the tax imposed by Chapter 69 of the Acts of 1933 shall pay only one-fourth of the tax levied in paragraphs (d), Sections 1 and II hereof.'

" 'Provided, further, that any agent or distributor of beer at wholesale for a brewer who pays the brewer's tax as above set out and the tax imposed by Chapter 69 of the Acts of 1933, when such agent or distributor pays the tax as set out in the proviso next above in the County

or City where he has his *situs* or principal place of business, such agent or distributor shall not be liable for àny other State tax in any other County or City in which he does business but shall be liable for a County and municipal tax in such additional County or City for an amount not to exceed $10.00 to any such County and/or City.'

"And, provided, further, that a warehouseman having an established place of business who merely stores for the agent distributor or owner paying the taxes provided by this Act shall not be liable for any tax hereunder.

"Sec. 2. Be it further enacted, That each County and municipality of the State is hereby authorized to levy a like privilege tax on the privileges enumerated in Section 1 of this Act but not to exceed the amounts levied for State purposes in Section 1."

It is further provided in the act that when said tax is levied by any county or city of the state, the same shall be in lieu of all other taxes that any county or city may levy or collect on the privilege herein defined; but shall not be in lieu of those imposed by chapter 69, Public Acts 1933, nor in lieu of any other privilege taxes payable by any person engaged in any of the businesses declared a privilege and taxed under any general revenue act of the state. The act then provides:

"The tax herein levied shall be enforced and collected in the same manner as other privilege taxes under any general revenue law of the State." Section 3.

2. The complainant, Midwest Dairy Products Corporation, is a Tennessee corporation engaged in the wholesale distribution of beer, with its situs or principal place of business at Jackson, Madison county, Tennessee, and

also maintains a permanent plant, branch, or point of distribution at Dyersburg, Dyer county, Tennessee, and another such plant at Memphis, Shelby county, Tennessee. The beer distributed by the corporation is manufactured outside the state of Tennessee and imported into Tennessee by said corporation to its principal plant, and also to its two branch plants, and is distributed from all its said plants at wholesale within the surrounding territory.

Complainant distributes beer for six breweries, all being outside the state of Tennessee, but four of the six breweries have qualified under the laws of Tennessee as foreign corporations, and have paid the ''Brewers' tax'' as levied by the act here under consideration, while two of the six breweries have not qualified as foreign corporations, nor paid said ''brewers' tax.''

Complainant has paid to the state of Tennessee, the county of Madison, and the city of Jackson $150, each, or a total of $450, as the full tax required of wholesale distributors of beer in counties of that population, and no exemption whatever was allowed at that point.

Complainant sought to pay to Shelby county and the city of Memphis the minimum tax of $10 to each, upon the theory that it had paid the full tax as a wholesale distributor of beer at the *situs* of its principal place of business at Jackson, Madison county, Tennessee. The city and the county demanded the payment of the full tax of $300, each, for the operation of complainant's business at Memphis. Complainant paid, under protest, as a wholesale beer distributor in Shelby county, the sum of $300 to the state and $300 to the county, together with $81.25 penalties and costs upon a distress warrant is-

sued by the clerk of the county court, and has sued to recover the same. To stay the collection of this tax by the city of Memphis, complainant filed an injunction bill upon which a stop order was granted pending the final hearing of the two cases.

In view of the fact that the above-mentioned litigation related alone to complainant's liability for privilege taxes as a wholesale beer distributor in Memphis and Shelby county, it filed an original bill for a declaratory judgment construing the beer privilege tax statute, chapter 115, Public Acts 1933, and determining and fixing its liability for privilege taxes thereunder in the various counties of the state in which it maintains permanent branch plants, or in which it delivers and sells beer at wholesale from trucks.

Complainant contends: (1) That having paid the tax levied by section 1, par. (d) of subds. 1 and 2 of said act at Jackson, Madison county, it is entitled to the exemptions set forth in the proviso following said sections; (2) that inasmuch as a part of the brewers for which complainant is a distributor of beer at wholesale have themselves paid the brewers' tax levied by section 1, par. (d) of subds. 1 and 2 of said act, and having itself paid said tax at its principal place of business, it is liable for no other state tax, and is liable in all other counties than Madison, and in all other cities than Jackson, for a tax not to exceed $10 to any other county or city.

In other words, it is complainant's insistence that representing several brewers who have themselves paid the brewers' tax, it is liable only for a tax of $37.50 to the city of Jackson, county of Madison, and state of Tennessee, respectively, to be paid at Jackson, and need

pay a maximum of $10 tax only to any other city or county in which it operates.

It is the contention of defendants that complainant is liable for the full tax, with no exemption, in every county and city where it maintains a place of business, and for a tax of $10 in every other county and city where it might make sales and deliveries by truck.

The chancellor found, (1) assuming that all brewers for which complainant distributes beer have qualified to do business in Tennessee, and have paid the brewers' tax as set forth in said act, it is liable for one-fourth of the tax levied, that is $37.50, each, to the city, county, and the state, at Jackson, where it conducts its principal place of business, and (2) is liable for a maximum of $10, each, in every other county and city in which it operates; (3) assuming that complainant represents brewers who have domesticated and paid the brewers' tax, and also represents brewers who have not domesticated and paid the brewers' tax, as levied by said act, it is liable for $150, each, to the city, county, and state, at Jackson, and is liable for the maximum tax, dependent upon the population classification set forth in the act, in every other city and county in which it operates; (4) assuming that complainant distributes beer by truck and without the establishment of a permanent branch plant in other counties, or within incorporated municipalities therein, the tax liability of complainant shall be the same as though permanent branch plants were maintained in said counties or municipalities therein, and shall be determined in accordance with the first, second, and third findings above set forth, dependent upon the fact as to whether the representation is of domesticated or undomesticated brewers; (5) that for the purpose of

determining the tax liability of complainant to the various cities and counties of the state, it is immaterial whether the brewers represented by complainant domesticate and pay the brewers' tax in counties and cities of more than 100,000 population, or in those of less population provided such domestication and maintenance of principal place of business in connection therewith is *bona fide.*

Defendants excepted to findings 1, 2, 3, and 5, and complainants excepted to findings 3 and 4, and all parties appealed to this Court and have assigned errors.

3. Chapter 115, Public Acts 1933, here under consideration, is a revenue measure and must be construed *in pari materia* with the General Revenue Bill of 1931, Pub. Acts 1931, 2d Ex. Sess., chap. 13, as amended, which provides in subsection 13 of section 1 the following:

"Every person conducting business from more than one established place in a county shall be liable for the privilege tax on business done at each place.

"Should he conduct business from an established place in more than one county, he shall pay the privilege tax in each county.

"Should he maintain only one place of business in a county, but from that place extend his operations into adjoining counties (without establishing a regular branch office therein) he shall be liable for both State and County tax in County where the permanent place of business is located, but only for the County tax in any other county."

██ ██ (A) Construing the two Acts together, we think it evident that complainant, if it represents brewers who have domesticated in this state and paid the brewers' tax required by section 1, par. (d) of subds. 1 and 2 of

chapter 115, Public Acts 1933, would be liable under the proviso of said sections to a tax of one-fourth of the amount of said tax to the state, county, and city, respectively, at the place of its *situs*, and a like amount to the state in all other counties where it maintains a place of business, and to such counties and cities, dependent upon the population classification set forth in said act of 1933. If, however, complainant be engaged in the distribution of beer for any brewer who has not domesticated in this state and paid said breweres' tax, then complainant would be liable for the full amount of said tax to the state in all counties where it maintains a place of business, and to such counties and to the cities where such places of business are located.

We think the contention of complainant that it would be entitled to the reduction in tax, set forth in the proviso to section 1, par. (d) to subds. 1 and 2, if some of the brewers which it represents as distributor have domesticated and paid the required tax, is untenable. If complainant be a distributor for any brewer not domesticated and not having paid the required tax, then it is not entitled to the reduction or exemption provided for in the act.

(B) Complainant, upon paying the proper tax as a wholesale distributor of beer at its *situs* or principal place of business, is entitled, under chapter 115, Public Acts 1933, to make sales and deliveries by truck in other counties and cities where it does not maintain a place of business, upon the payment of the maximum tax of $10 to each county and to each city in which it carries on business in this manner.

(C) A foreign brewer becoming domesticated in Tennessee and qualifying to do business is liable for

a tax of $900 as a brewer if its *situs* or principal place of business be fixed in either of the four counties of the state containing 100,000, or more, population. The three Tennessee breweries are each located in one of the large counties. It is the insistence of the state that where a foreign brewer voluntarily comes into the state and elects to pay the privilege tax levied upon brewers for the sole purpose of placing its agents upon the same tax basis as agents of Tennessee brewers, and having no physical properties, record, officers, or corporate property within the state, it becomes incumbent upon such corporation to fix its *situs* for privilege taxation in a county where the largest business in the distribution of its beer is done. We have no statute in Tennessee authorizing either the taxing officials, or the courts, to fix the *situs* of a foreign corporation domesticating in Tennessee, under the conditions and circumstances above mentioned. The remedy for any inequality of taxation that may arise from foreign brewers domesticating in counties under 100,000 population must be granted by the Legislature and not by the courts.

The decree of the chancellor will be modified in accord with the foregoing declarations. Complainant will pay the costs of the appeal.